UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PAMELA J. TREADWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17-cv-00037-JAW |
| | ) | |
| VESCOM CORPORATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO WITHDRAW AND MOTION TO STAY**

Pamela Treadwell filed this lawsuit against Vescom Corporation and three other Defendants in Kennebec County Superior Court on January 9, 2017. *State Court Record* Attach. 2 (*Docket Record* at 1) (ECF No. 2). On January 31, 2017, the Defendants filed a Notice of Removal to this Court pursuant to its diversity jurisdiction. *Notice of Removal* (ECF No. 1). The Defendants were initially represented by counsel from a law firm in Portland, Maine, but on June 2, 2017, that law firm moved to withdraw as counsel and for a stay of discovery for sixty days to allow the Defendants to obtain other counsel. *Mot. to Withdraw and Stay Discovery* (ECF No. 38). On June 6, 2017, the Court granted the attorneys' motion to withdraw; however, the Court granted the motion to stay only until June 23, 2017. *Order* (ECF No. 40). On June 30, 2017, Attorneys Teeters-Trumpy and Frame of another Portland, Maine law firm entered their appearances on behalf of Defendants. *Notice of Appearance* (ECF No. 44, 45).

On January 26, 2018, Attorneys Teeters-Trumpy and Frame moved to withdraw as counsel and to stay the case for forty-five days to allow Defendants to obtain new attorneys. *Mot. to Withdraw and Stay Proceedings* (ECF No. 89). The Attorneys' motion states that they cannot elaborate on "the specific causes impelling this request." *Id.* at 1, n.1. On January 28, 2018, the Plaintiff objected to the Defendants' motion. *Pl.'s Opp'n to the Mot. of Defs.'* Second *Law Firm to Withdraw and Stay Discovery* (ECF No. 90). The Plaintiff points out that this is the second law firm to move to withdraw representation of the Defendants. *Id.* at 1. She also observes that the case has already been subject to delay and extensions and she asserts that the Defendants have not meaningfully participated in the discovery process to date. *Id.* She further states that the Defendants violated a direct court order to appear for settlement discussions. *Id.* She worries that the second motion to withdraw is "another delay tactic." *Id.* Ms. Treadwell proposes that Defendants' general counsel enter an appearance in this case pro hac vice. *Id.* Ms. Treadwell asks this Court to set a two-week period from the date of the original motion for Defendants to obtain new counsel. *Id.* Defense counsel has indicated that they do not intend to file a reply to Plaintiff's opposition.

The Court GRANTS in part and DENIES in part Motion to Withdraw and Stay Discovery (ECF No. 89). The Court GRANTS the Attorneys' request to withdraw their representation of the Defendants. The Court GRANTS the motion to stay the proceedings but not for the full forty-five days the Defendants requested. The Court ORDERS Defendants to obtain new counsel and for the new counsel to enter an

appearance by February 26, 2018. The stay will be automatically lifted at the end of the day on February 26, 2018.

In issuing this Order, the Court notes that, unlike Mr. Karawia, the corporate defendants do not have the legal right to appear pro se. 28 U.S.C. § 1654; *Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 36 n.2 (1st Cir. 2012). Therefore the corporate defendants in this case must timely obtain counsel if they wish to continue to defend themselves against Ms. Treadwell's lawsuit.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of February, 2018