UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAMELA J. TREADWELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VESCOM CORPORATION, et al. )<br>)<br>Defendants. ) | 1:17-cv-00037-JAW |

**ORDER ON RESPONSE TO ORDER TO SHOW CAUSE**

Tardily responding to an Order to Show Cause, Defendants urge the Court not to default them, arguing that their failure to timely respond was caused by inadvertence and by practical hurdles, and pleading that their response was only a few days late. As the law strongly favors trial on the merits, the Court declines to order the extreme sanction of default. However, though not so egregious as to justify a default, the Defendants' conduct of this entire litigation requires the imposition of sanctions.

I.  **BACKGROUND**

This case began in the usual course. On January 4, 2017, Pamela J. Treadwell filed suit in state of Maine Superior Court for Kennebec County, alleging that Vescom Corporation, American Guard Services, World Wide Sourcing Group, and Ousama Karawia violated the Maine Human Rights Act, 5 M.R.S. §§ 4551, *et seq.*, the Maine Whistleblowers' Protection Act, 26 M.R.S. §§ 831, *et seq.*, and the Maine Equal Pay Act, 26 M.R.S. § 628 to her detriment during her period of employment with them.

*State Ct. Record*, Attach. 1, *Compl.*, Attach. 3, *State Ct. Docket* (ECF No. 2). On January 31, 2017, through their then attorney, Melissa A. Hewey, the Defendants removed Ms. Treadwell's lawsuit to this Court. *Notice of Removal* (ECF No. 1). Attorney Hewey and Attorney Timothy E. Steigelman filed an Answer for the corporate defendants and, moved to dismiss the Complaint for Mr. Karawia on February 23, 2017. *Answer by Vescom Corporation, Am. Guard Servs., & Worldwide Sourcing Grp.* (ECF No. 16); *Mot. to Dismiss Def. Ousama Karawia* (ECF No. 17).

The Magistrate Judge duly issued a scheduling order on February 24, 2017, *Scheduling Order* (ECF No. 18), and Ms. Treadwell filed a motion to amend her Complaint on February 28, 2018. *Pl.'s Mot. to Amend the Compl.* (ECF No. 20). The Plaintiff's motion to amend the Complaint was granted on March 23, 2017. *Order Granting Mot. to Amend Compl.* (ECF No. 22). Mr. Karawia moved to dismiss his motion to dismiss on April 7, 2017, which the Court granted on the same day. *Oral Mot. to Dismiss without Prejudice Mot. to Dismiss* (ECF No. 28); *Oral Order Granting without Obj. Mot. to Dismiss without Prejudice Mot. to Dismiss* (ECF No. 29). Attorneys Hewey and Steigelman answered the Amended Complaint on behalf of all the Defendants on April 14, 2017. *Ans. to Am. Compl. (Revised)* (ECF No. 32). It seemed then that the case was ready to proceed.

Then on June 2, 2017, Attorneys Hewey and Steigelman moved to withdraw their representation of the Defendants and for an order staying discovery and giving the Defendants sixty days to identify new counsel. *Mot. to Withdraw and Stay Disc.* (ECF No. 38). On June 5, 2017, Ms. Treadwell opposed the motion insofar as it

2

requested sixty days to secure new counsel; Ms. Treadwell argued that two weeks would be more appropriate.. *Pl.'s Opp'n to the Mot. to Withdraw and Stay Disc.* (ECF No. 39). On June 6, 2017, the Magistrate Judge granted the motion to withdraw, altered the deadlines, and stayed the matter until June 23, 2017 to allow the Defendants to obtain new counsel. *Order* (ECF No. 40).

On June 29, 2017, Ms. Treadwell moved for default judgment against all Defendants because they had failed to timely obtain new counsel. *Pl.'s Mot. for Default J.* (ECF No. 41). On June 30, 2017, Attorneys Ilse Teeters-Trumpy and Gregg R. Frame entered their appearances on behalf of the Defendants. *Notices of Appearance* (ECF Nos. 44-45). On July 6, 2017, Ms. Treadwell moved to amend the scheduling order, *Pl.'s Mot. for Revised Deadlines* (ECF No. 46), and on July 11, 2017, the Magistrate Judge granted the motion and mooted the motion for default judgment. *Am. Scheduling Order* (ECF No. 51).

The case again seemed to progress with new defense counsel. The parties contested a motion for attachment and trustee process in the fall of 2017. *Mot. for Attach. & Trustee Process* (ECF No. 61); *Corporate Defs. Vescom Corp., American Guard Services, and Worldwide Sourcing Group's Opp'n to Pl.'s Mot. for Attach.* (ECF No. 62); *Min. Entry* (ECF No. 67). Later, the parties agreed to attempt to settle the case with a mediation before Magistrate Judge Rich scheduled for January 10, 2018; however, contrary to prior orders of the Magistrate Judge, the evening before the scheduled mediation, defense counsel informed Plaintiff's counsel that their clients did not plan to appear at the scheduled mediation, and on January 12, 2018, Ms.

3

Treadwell moved the Court to hold the Defendants in contempt of court. *Pl.'s Mot. for Contempt* (ECF No. 87). On January 26, 2018, defense counsel moved to withdraw and requested that their clients be granted a stay of forty-five days to obtain new counsel. *Mot. to Withdraw and Stay Proceedings* (ECF No. 89). On January 28, 2018, Ms. Treadwell objected to the Defendants' motion. *Pl.'s Opp'n to the Mot. of Defs.' Second Law Firm to Withdraw and Stay Disc.* (ECF No. 90). On February 2, 2018, the Court granted in part and denied in part the motion to stay, giving Defendants until February 26, 2018 to obtain new counsel and stating that the stay would be automatically lifted if no new counsel entered an appearance on behalf of the Defendants. *Order on Mot. to Withdraw and Mot. to Stay* (ECF No. 93).

The Defendants did not obtain new counsel by February 26, 2018, and therefore Attorneys Teeters-Trumpy and Frame were deemed to have withdrawn as attorneys for the Defendants, leaving them unrepresented. *See Order* (ECF No. 99). This posed two problems. First, it was unclear whether the Defendants had in fact received notice of the date by which they were required to obtain new counsel. The Court addressed that possibility in an order dated March 2, 2018. *Order* (ECF No. 99). Second, unlike Mr. Karawia, who is entitled to represent himself, a corporation is not allowed to represent itself in federal litigation, and therefore the unrepresented corporations risked being defaulted. To respond, the Court's March 2, 2018 order warned the corporate Defendants that they could face sanctions if they failed to obtain an attorney to represent them. *Id.*

By March 14, 2018, counsel had not yet entered an appearance on behalf of the Defendants, and the Court issued an Order to Show Cause. *Order to Show Cause* (ECF No. 101) (*Show Cause Order*). This order required the Defendants to show cause within twenty-one days of the date of the order as to why a default judgment should not enter against them. *Id.* at 2-3. A representative of the Defendants signed a certified mail return receipt on March 19, 2018. *Certified Mail* (ECF No. 102). The twenty-one day period expired on April 5, 2018.

On April 12, 2018, while the Court was preparing a default judgment, new attorneys for the Defendants entered their appearances. *Notice of Appearance* (ECF No. 103). On the same day, through new counsel, the Defendants responded to the Order to Show Cause. *Defs.' Resp. to Order to Show Cause* (ECF No. 104) (*Defs.' Show Cause Resp.*). On April 17, 2018, Ms. Treadwell filed her reply to the Defendants' response. *Pl.'s Reply to Defs.' Resp. to Order to Show Cause* (ECF No. 105) (*Pl.'s Show Cause Reply*). As Ms. Treadwell raised new issues in her reply, the Court allowed the Defendants to respond. *Procedural Order* (ECF No. 106). On April 24, 2018, the Defendants filed their reply. *Defs.' Reply to Pl.'s Reply to Defs.' Resp. to Order to Show Cause* (ECF No. 107) (*Defs.' Show Cause Sur-reply*).

With this winding history, what to do about the Defendants' inaction is before the Court.

## II. THE PARTIES' POSITIONS

### A. The Order to Show Cause

After reciting an abbreviated history of this case, the Court expressly ordered the Defendants to file a response to the order to show cause within twenty-one days of their receipt of the order. *Show Cause Order* at 2. The Court emphasized that "If the Defendants wish to defend themselves, they must act within twenty-one days of receipt of this Order." *Id.*

B.   **The Defendants' Response**

On April 12, 2018, seven days after the court-ordered due date for a response, the Defendants—through their third set of attorneys—filed a response to the motion. *Defs.' Show Cause Resp.* at 1. In their response, the Defendants assert that their in-house counsel, Attorney John Whelan, engaged in a good faith effort to find replacement counsel beginning February 2, 2018, but that the law firms he contacted declined to represent the Defendants. *Id.* at 2. The Defendants stress that Attorney Whelan is not admitted to practice law in the District of Maine and was therefore unable to move for an enlargement of time. *Id.* at 3.

Regarding the Order to Show Cause, the Defendants concede that Attorney Whelan received the Order on March 19, 2018, but they state it was "inadvertently misplaced in a box containing materials for an unrelated matter set for trial on April 16, 2018." *Id.* Attorney Whelan discovered the Order on April 9, 2018 at 2:00 p.m., Pacific Daylight Time. *Id.* Upon discovering the Order, Attorney Whelan intensified his search for new counsel and, after some unsuccessful attempts, he contacted the Defendants' newest lawyers the morning of April 11, 2018. *Id.* Later that afternoon,

the Defendants formally retained current counsel; the next day, counsel entered an appearance on behalf of the Defendants and filed a response to the Order. *Id.*

Based in this history, the Defendants urge the Court not to impose a default sanction. *Id.* at 3-4. Defendants assert that they have meritorious defenses to the Plaintiff's lawsuit. *Id.* 4-5. They also maintain that the Plaintiff would not be unfairly prejudiced if the Court declines to enter a default. *Id.* at 5. They observe that in her Second Amended Complaint, Ms. Treadwell proposes to add a new party-defendant, Vets Securing America, Inc., and two new counts against not only the newest Defendant but also against two of the existing ones. *Id.* The Defendants say that if the pending motion to amend were granted, Ms. Treadwell would not be prejudiced because she would have to discover and litigate the new claims and party along with the old claims and existing parties. *Id.* at 5-6.

### C. The Plaintiff's Reply

Ms. Treadwell is not convinced. *Pl.'s Reply* at 1-5. She contends that the Defendants' tardiness and inattention to the Order to Show Cause is consistent with the Defendants' handling of this entire lawsuit. *Id.* at 1. The Plaintiff urges the Court to "send a clear message to Defendants that Court orders mean something." *Id.* Ms. Treadwell then itemizes what she contends is a history of "contemptuous and dilatory behavior by Defendants." *Id.* at 1-3. Ms. Treadwell questions Attorney Whelan's asserted diligence, arguing that his sworn declaration fails to adequately address the Defendants' lack of diligence in responding to the series of court orders. *Id.* at 3-4. Finally, Ms. Treadwell says that in lieu of entering a default judgment,

the Court should otherwise sanction the Defendants, and she suggests various sanctions she believes would be effective. *Id*. at 5.

### D. The Defendants' Sur-reply

In their sur-reply, the Defendants first contend that Ms. Treadwell cited an incorrect standard for reviewing their response to the Order to Show Cause. *Defs.' Show Cause Sur-reply* at 1-2. Instead of the "good cause" standard under Federal Rule of Civil Procedure 55(c), the Defendants maintain that, as no default has entered, whether to grant relief is a matter of discretion with the trial court. *Id*. at 2. As there are no obvious public interests at stake, the Defendants urge the Court to exercise its discretion and allow the matter to proceed toward resolution on the merits. *Id*. The Defendants object to the imposition of a default against them, now represented by experienced counsel, especially in light of the narrowness of the seven-day late response. *Id*. at 3.

The Defendants also argue that Attorney Whelan could not have moved to represent the Defendants pro hac vice if he had been unable to associate with local counsel. *Id*. at 4. The Defendants submit another sworn declaration in which Attorney Whelan affirms that he contacted four attorneys in Maine, each of which declined to represent the Defendants. *Second Decl. of John M. Whelan in Supp. of Defs.' Resp. to Order to Show Cause* (ECF No. 108).

Regarding Mr. Karawia, the Defendants dispute Ms. Treadwell's point that he should have attempted to represent himself in this litigation. *Defs.' Show Cause Sur-reply* at 4-6. They observe that pro se litigants typically cause administrative and

procedural tangles and that it would have been difficult for only one Defendant to have successfully entered an appearance in the case. *Id.*

Finally, the Defendants urge the Court to resist the temptation to grant all pending motions as a sanction and, instead, to rule on those motions on their merits. *Id.* at 6.

### III. DISCUSSION

The Court agrees with the Defendants on a narrow, but important point: a default should not issue against them. The law does not favor defaults and instead encourages the resolution of cases on their merits. *Stewart v. Astrue*, 552 F.3d 26 (1st Cir. 2009) (per curiam) ("[F]ederal law favors the disposition of cases on the merits, and, as a result, 'a default judgment is a drastic sanction that should be employed only in an extreme situation'") (quoting *Affanato v. Merrill Bros.*, 547 F.2d 138, 140 (1st Cir. 1977) (internal punctuation and citations omitted)).

Furthermore, there has been no entry of default against the Defendants and no default judgment, and therefore the Defendants are not required to demonstrate either good cause to lift a default under Federal Rule of Civil Procedure 55(c) or the more stringent standards for post-judgment motions. *See* FED. R. CIV. P. 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)"); *Ungar v. The Palestine Liberation Org.*, 599 F.3d 79, 83-84 (1st Cir. 2010); FED. R. CIV. P. 60(b).[1]  The applicable standard is

---

[1] As the parties point out, *Pl.'s Reply* at 3-4; *Defs.' Show Cause Sur-reply* at 4, under Local Rule 83.1(c)(1), Attorney Whelan, even if a member of the California bar in good standing, would have been required to associate with local counsel in order to be admitted pro hac vice because he is not a member of the bar of this District. D. Me. Loc. R. 83.1(c)(1) ("Any such attorney shall have at all times

discretion of the Court and here, the Court does not find that the Defendants' conduct merits the extreme sanction of default.

This said, the Defendants' conduct must be sanctioned, and the sanction should fit the conduct. The Court has discretion to impose a variety of sanctions for both discovery violations and for failure to comply with court orders. *Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 36 (1st Cir. 2012) ("A district court has wide discretion in choosing sanctions for discovery violations"); *Fernandez-Salicrup v. Figueroa-Sancha*, 790 F.3d 312, 320-21 (1st Cir. 2015) (internal citation omitted) ("In the ordinary course of civil litigation, the choice of sanctions for failing to comply with a court order lies with the district court"). The Plaintiff lists examples of the Defendants' casual and dilatory approach to this litigation, including failing or refusing to respond to outstanding discovery requests, missing a deadline in June 2017 for entry of new counsel, selling property in Maine the day after Defendants' counsel filed an opposition to Plaintiff's motion for attachment, failing to personally appear at the Magistrate Judge's scheduled mediation session, failing to timely obtain new counsel once their second law firm moved to withdraw, and failing to timely respond to the Court's multiple notices and Order to Show Cause, leading to this order. *Pl.'s Show Cause Reply* at 1-3.

The Court will schedule a conference of counsel to discuss the next steps. The first order of business will be for the Court to resolve the sanctions issue. The facts underlying some, but not all, of Ms. Treadwell's contentions and the Defendants'

---

associated with him/her a member of this Court, upon whom all process, notices and other papers may be served and who shall sign all papers filed with the Court").

responses are a matter of record, but other facts may be contested or require evidence. In anticipation of the conference, the Court expects counsel to propose how evidence of the travel of this case, including the discovery disputes, is to be placed before the Court. Counsel should agree to what can be agreed to and should narrow the factual disputes that will require evidentiary hearing. In addition, at the conference, the Court will hear counsel on how they propose the Court should resolve the pending motions, which remain unresolved largely because of the Defendants' conduct.

Finally, the Court will hear proposals from counsel as to how the Scheduling Order should be amended to reflect these developments. The Court agrees with the Plaintiff that it is now past time for the case to move swiftly to resolution, and the Court anticipates imposing condensed time periods. Once set, the Court intends to hold the parties—particularly the Defendants—to strict compliance with the new deadlines. Once imposed, the Court will be extremely reluctant to extend deadlines and will set this matter for trial as soon as possible.

## IV. CONCLUSION

The Court concludes that the Defendants' conduct does not merit the extreme sanction of default and default judgment and therefore rules that its Order to Show Cause has been satisfied to this extent. Nevertheless the Court also concludes that the Defendants' conduct of this entire litigation merits the imposition of some sanction against the Defendants. The Court directs the Clerk to schedule a conference of counsel in the near future to discuss how to resolve the issue of

sanctions, to address the pending motions, and to forge a tight schedule to bring this case to expeditious resolution.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of May, 2018